THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
AT SACRAMENTO

| | |
|---|---|
| BERNARDO VASQUEZ AGUIRRE, | Case No. C06-1487-JCC |
| Petitioner, | ORDER |
| v. | |
| ROSEANNE CAMPBELL, *et al.*,[1] | |
| Respondents. | |

This matter comes before the Court on Petitioner's Request for a Certificate of Appealability. (Dkt. No. 37.) The Court hereby GRANTS IN PART and DENIES IN PART the request, for the reasons described below.

Petitioner, a state prisoner proceeding pro se, has timely filed a notice of appeal of this Court's October 16, 2009 dismissal of his application for a writ of habeas corpus. (Dkt. No. 36.) Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

---

[1] Michael Martel is now the Acting Warden of Mule Creek State Prison; thus, the Court substitutes him as Respondent. *See* FED. R. CIV. P. 25(d); *see also Stanley v. Cal. Sup. Ct.,* 21 F.3d 359, 360 (9th Cir. 1994) (noting that respondent in habeas petition is generally the warden of the facility where petitioner is incarcerated).

ORDER
PAGE - 1

1   A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant
2   has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
3   This standard requires the petitioner to show that reasonable jurists would find the district
4   court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529
5   U.S. 473, 484 (2000). This means that the assessment is debatable among jurists of reason, a
6   court could resolve the issues in a different manner, or the questions are adequate to deserve
7   encouragement to proceed further. *Lambright v. Stewart*, 220 F.3d 1022, 1024–25 (9th Cir.
8   2000). The court must either issue a certificate of appealability indicating which issues satisfy
9   the required showing or must state the reasons why such a certificate should not issue. FED. R.
10  APP. P. 22(b).

11  A certificate of appealability is granted on an issue-by-issue basis. 28 U.S.C. § 2253(c);
12  *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir. 1999) (per curiam). Construing his papers
13  liberally, *see Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003), Petitioner raises five
14  grounds on which he seeks appeal. The Court considers them in turn.

15  **1. Unexhausted Claims**

16  Petitioner spends a significant amount of time in his Request arguing that his claims
17  have been properly exhausted in state court. (*See* Dkt. No. 37 at 1–2.) This is perplexing,
18  because the Court specifically found that Petitioner had properly exhausted both direct appeals
19  and state habeas proceedings. (Dkt. No. 33 at 3 ("After exhausting his direct appeals . . .) & 3
20  n.3 ("Respondents concede that Petitioner has now exhausted state habeas remedies . . .).)
21  Petitioner apparently contests the Court's citation to *James v. Reese*, 546 F.2d 325, 327 (9th
22  Cir. 1976), because he says that the case concerned unexhausted claims. (Dkt. No. 37 at 2.) But
23  the proposition for which the Court cited *James*—that failure to instruct *sua sponte* on lesser
24  included offenses fails to allege a federal cause of action—did not depend on lack of
25  exhaustion. *See James*, 546 F.2d at 327 ("Although we need not reach the issue [because of
26  Petitioner's failure to exhaust], we note that the district court correctly dismissed the petition

ORDER
PAGE - 2

pursuant to 28 U.S.C. § 1915(d) [which allows dismissal for failure to state a claim].") Because none of the Court's reasoning depended on exhaustion, Petitioner's Request is factually incorrect and the certificate of appealability is DENIED as to this issue.

**2. Carbon Copy Counts**

Petitioner contends that his argument pertaining to the "carbon copy counts" have yet to be ruled on by the U.S. Supreme Court, and therefore may be decided in his favor. (Dkt. No. 37 at 2.) But the lack of Supreme Court direction implicates the limited scope of habeas review afforded by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which only allows a federal court to grant a state prisoner's habeas petition if the state court's adjudication (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, *as determined by the Supreme Court*" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d) (emphasis added).

However, construing his papers liberally, Petitioner may be arguing that the indictment failed to inform the defendant of the charges that he must defend. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). Although the Court doubts that a reasonable jurist could find that Petitioner's Sixth Amendment right to notice about the nature and charges against him was violated in this case, the Court will certify this issue for appeal out of an abundance of caution. The certificate of appealability is GRANTED as to this issue.

**3. Aggravated Assault**

Petitioner argues, cryptically, that "Petitioner's claim is not the lessor [sic] included offense, but the conviction of the aggravated offense that was used at trial." (Dkt. No. 37 at 2.) Presumably, Petitioner is contesting his conviction for aggravated sexual assault, which requires proof of force or duress. The Court discussed this issue in Section C of its Order, in considering the sufficiency of the evidence. (*See* Dkt. No. 33 at 6.) Petitioner argued that he

1  should have only been convicted of non-forcible lewd acts upon a child, in violation of
2  California Penal Code 288(a). (*See* Petition (Dkt. No. 9 at 5).)[2]

3      The Court previously determined that, under the extremely limited scope of review
4  afforded by *Jackson v. Virginia*, 443 U.S. 307 (1977) and the AEDPA, the prior courts to
5  consider this claim were reasonable in concluding that the evidence was sufficient to find force
6  or duress. This issue is appropriate for certification, as it implicates the Due Process Clause
7  and reasonable minds might disagree. The Court hereby GRANTS the certificate of
8  appealability as to the issue of sufficiency of the evidence to show aggravated sexual assault,
9  as opposed to lewd acts upon a child.

10  **4.  Post-Arrest Silence**

11      The Court extensively discussed the issue of post-arrest silence in its prior Order. (*See* Dkt.
12  No. 33 at 12–18.) Focusing on the second prong in the AEDPA analysis, *see* 28 U.S.C. §
13  2254(d), the Court previously determined that the state courts did not unreasonably apply
14  *Griffin v. California*, 380 U.S. 609 (1988), in holding that Petitioner's partial silence in a
15  custodial interrogation could be used against him as substantive evidence of guilt. (*See* Dkt.
16  No. 33 at 12–18.) In large part, this conclusion was compelled by the narrow scope of revuew
17  under the AEDPA.

18      Generally, even if a question is well-settled in the Ninth Circuit, a constitutional claim is
19  debatable if another circuit has issued a conflicting ruling. *See Lambright*, 220 F.3d at 1025–
20  26. The issue of partial silence is not well settled in the Ninth Circuit, and courts in the Tenth
21  Circuit have held that partial silence is not a waiver of *Miranda* rights. *See United States v.*
22  *Canterbury*, 985 F.2d 483 (10th Cir. 1993). Petitioner points to this disagreement and also

---

24      [2] It appears as if California courts have only recently considered the issue of whether
25  California Penal Code 288(a) is a lesser included offense of aggravated sexual assault. *See People v. Gayton*, No. E-045502, 2009 WL 3032328, at *20 (Cal. Ct. App. Sept. 23, 2009).
26  This issue is immaterial for purposes of this Order.

ORDER
PAGE - 4

1   asserts that he requested a lawyer at another point in his custody. Thus, reasonable jurists could
2   decide differently, and the Court GRANTS the certificate of appealability as to this issue.

3   **5. Ineffective Assistance of Counsel**

4   Petitioner claims that he exhausted the claim for ineffective assistance of counsel in the
5   lower courts. (Dkt. No. 37 at 3.) But Petitioner presents no evidence that he raised this issue
6   before the California courts in any of his prior proceedings, and it is apparent from the record
7   that he has not done so. (*See* Dkt. No. 33 at 20.) Even if he had, however, this fact would be
8   immaterial; the Court decided his ineffective assistance of counsel claim on the merits. (*See id.*
9   at 20–21.) The only ineffective assistance claim that could matter for purposes of this putative
10  appeal is his claim that his counsel failed to raise the "carbon copy counts" in the indictment.
11  But because the Court considered this claim on the merits, as well, and did not hinge its
12  analysis on failure to exhaust, there was no prejudice even if counsel failed to raise it.
13  *Strickland v. Washington*, 466 U.S. 668, 691–93 (1984). The certificate of appealability is
14  DENIED as to this claim.

15  For the foregoing reasons, the Certificate of Appealability is GRANTED as to
16  Petitioner's First Claim (sufficiency of the evidence), Petitioner's Fourth Claim (use of silence
17  as substantive evidence of guilt), and Petitioner's Fifth Claim (inadequacy of the information),
18  but is DENIED as to all other claims.

19  SO ORDERED.
20  DATED this 15th day of December, 2009.

John C. Coughenour
UNITED STATES DISTRICT JUDGE